SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE
OFFICIAL REPORTERS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TERRY LAFAVORS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-cv-1575 (RLW) |
| | ) | |
| **ERIC K. SHINSEKI** | ) | |
| **Secretary of Veterans Affairs,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# MEMORANDUM OPINION [1]

Plaintiff Terry LaFavors, who is black, brings this action seeking to compel her employer, the Veterans Administration ("VA"), to undertake an EEO investigation into her complaint of discrimination; the VA dismissed her administrative complaint after finding that her first contact with an EEO counselor was untimely.[2]  Presently before the Court are two motions: 1)

---

[1] This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

[2] LaFavors has not asserted any employment discrimination claims in her complaint. Rather, she contends that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201, 2202 and 38 U.S.C. § 7422(d), none of which alone confer jurisdiction on this court. Additionally, in the sole count found in her complaint, she asserts the following:

> By refusing to consider Plaintiff's Complaint and appeal based on the pretext that it was filed untimely, the Agency deprived Plaintiff of substantive due process of law and equal protection of the law, violating her rights under the Fifth and Fourteenth Amendments to the United States Constitution.  In doing so, the Agency acted beyond its established authority, and engaged in conduct that is arbitrary and

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

"Defendant's Motion to Dismiss or in the Alternative for Summary Judgment" (Doc. 7); and 2) Plaintiff's "Motion for Leave to File Amended Complaint." (Doc. 10.) For the reasons explained below, the Court finds that the VA's motion is due to be granted, and LaFavors' motion is due to be denied.[3]

## I. LEGAL STANDARDS

A.  **Rule 12(b)(6) Motions to Dismiss & Motions for Summary Judgment**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Court must treat a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for

---

capricious, and an abuse of discretion by operation of law.

(Compl. ¶ 15.)

The VA argues that *de novo* review of her substantive claims is the only relief available to LaFavors in this forum, not an action to compel the EEOC to investigate her claims. Accordingly, the VA contends the court should review her complaint under Title VII. The court will treat the VA's argument as conceded: LaFavors failed to respond to this argument in her brief, but instead sought leave to amend her complaint to assert Title VII and Section 1981 claims. *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule."); (Doc. 10-1, Attachment to Mot. for Leave to File Amended Compl. at p. 1, ¶¶ 22-31).

[3] LaFavors filed her motion to amend without including "an original of the proposed pleading as amended," *see* LcvR 15.1, and without providing any explanation regarding how it might cure the defects in her original complaint. However, the court has reviewed the proposed complaint and, while it contains Title VII and Section 1981 claims, the factual allegations are the same as those spelled out in her pleadings. As such, the motion to amend will be denied.

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE
OFFICIAL REPORTERS

summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).

The party seeking summary judgment bears the initial burden of demonstrating no genuine issues of material fact exist. *See* Fed. R. Civ. P. 56. When determining whether genuine issues of material fact exist, the Court must draw all justifiable inferences from the evidence in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), *cited in Cruz-Packer v. Dist. of Columbia*, 539 F. Supp. 2d 181, 189 (D.D.C. 2008). However the nonmovant cannot simply rest on her pleadings; rather "the nonmoving party [must] go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted).

B.   **Exhaustion of Administrative Remedies**

"Title VII plaintiffs are normally expected to exhaust administrative remedies and . . . the plaintiff who fails to comply, to the letter, with administrative deadlines 'ordinarily will be denied a judicial audience.'" *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir.1985) (citations omitted). To satisfy the exhaustion requirement, federal employees "must initiate contact with [an EEO] Counselor within 45 days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). [4]

---

[4] There is nothing in the record which might indicate the date upon which the challenged employment action became effective.

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

If there is any doubt as to when "the matter alleged to be discriminatory occurred," or when the plaintiff became aware of the challenged employer action, the forty-five day period begins to run when the aggrieved "knew, or should have known, about the alleged discriminatory action." *See Stewart v. Ashcroft*, 352 F.3d 422, 425 (D.C. Cir. 2003). "Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it. If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowen v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). [5]

## II. ANALYSIS

The VA argues LaFavors first contacted an EEO counselor more than 45 days after the matter alleged to be discriminatory: the selection of a white male for a position as a Realty Specialist. LaFavors applied for the position in August 2008 and was included on the "best qualified" list of applicants. (Def.'s Ex. 2 at 1.) Several months later, in December, when she

---

[5] LaFavors does not raise any equitable tolling arguments, nor is there any evidence that equitable tolling is appropriate in this action. While LaFavors asserted on her EEO complaint form that she was unaware of the 45 day limitations period, (*see* Def.'s Ex. 2 at 1), she has not made any arguments or proffered any evidence which might provide a basis for equitably tolling the limitations period. *See Celotex Corp.*, 477 U.S. at 323 (requiring the non-movant to come forward with "affidavits, . . . 'depositions, answers to interrogatories, [or] admissions on file'" in order to defeat a motion for summary judgment); 29 C.F.R. § 1614.105(a)(1) ("The agency or the Commission shall extend the 45–day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.")

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

contacted Human Resources about the status of the position, she was told that no selection was made for the August announcement. Instead, the position was re-announced between October 8 and 15. (Def.'s SOF # 3.) LaFavors was unaware of this turn of events because she was on vacation at that time. Over the next few months, she made multiple inquiries about the selection process and she ultimately made her first contact with an EEO counselor on February 18, 2009. [6] (Def.'s Ex. 2 at 1.)

With respect to the date LaFavors first learned that the VA had hired someone for the Realty Specialist position, the record establishes that on December 4, 2008, she inquired about the status of her application and had the following email exchange with Linda Henderson in the Human Resources Department:

> Henderson.        I am certain no one was selected for this position.
>
> LaFavors:         <u>Someone who worked in another section of VA is now in that job</u>.
>
> Henderson:        It was re-announced.
>
> LaFavors:         Did I have to re-apply since I was found qualified the first time. I never received that not [sic] either.[7]
>
> Henderson:        Yes, you had to reapply because it was a new position advertized [sic]. . . . .

(Def.'s Ex. 16) (emphasis added).

---

[6] Although the VA claims LaFavors first contacted an EEO counselor two days later on February 20, her formal EEO complaint form lists February 18, 2009 as the date of initial contact. (Def.'s Ex. 2 at 1.)

[7] Portions of this sentence were illegible.

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

A little over two months later, on February 26, 2009, LaFavors sent a memorandum to an EEO counselor and complained:

> It wasn't until the <u>end of November that I found out that the successful candidate for the job was a white male</u> who began calling, sending emails and coming to my office asking about how I did the job that I realized that he had been selected for the Realty Specialist job that I was qualified for in the first announcement.

(Def.'s Ex. 3)(emphasis added).

By April 9, 2009, however, LaFavors' formal EEO complaint contained a different story. (Def.'s Ex. 2.) In that document, LaFavors explained that on December 4 she inquired about the hiring process for the Realty Specialist position because a white male had begun asking her questions about how she did her job. (*See id*. at 1.) Then, by mid-December, she requested information "as to how the job was filled and who filled it . . . ." (*See id* at 2.) After she received no reply, she made further inquires on January 15 and January 26 "to verify that the white male who was still asking questions about how to perform certain aspects of the job was selected for the job." (*See id*.) No one responded to LaFavors, but "[s]ometime in January the selectee left his card on [her] desk with his new job title . . . ." (*See id*.) By February, LaFavors claims she

> realized that Personnel was not going to provide any information regarding the cancellation, the re-announcement and the selection process. They knew that I only had 45 days from the time that I learned of the selection to file a complaint and it seems like they did all they could to prevent me from learning of their actions . . . . I didn't know of the 45 day limit until the EEO Counselor kept asking about that apparent crucial administrative day [sic] to this process.

(*See id*.) On the same document, LaFavors lists December 4, 2008 & January 25, 2009 in the box marked "date of occurrence." (*See id*. at 1.) On a subsequent email, LaFavors indicated

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE
OFFICIAL REPORTERS

"[t]he date of occurrence was December 4, 2008." (Def.'s Ex. 4.)

Thus, documents authored or signed by LaFavors indicate: (1) she knew as early as late November that "the successful candidate for the job was a white male who began calling, sending emails and coming to [her] office," and/or (2) that the "date of occurrence" was as early as December 4 when she first contacted human resources about the position. (Def.'s Exs. 3, 2, 5, 16.) This undisputed documentary evidence establishes that LaFavors first contacted an EEO counselor 80 days [8] or 76 days [6] after she "knew, or should have known, about the alleged discriminatory action." *See Stewart*, 352 F.3d at 425.

In the face of this overwhelming evidence, LaFavors asserts in her brief (without citation to the record and without attaching any sworn evidence) that she was not aware of "any factual information" in late November or early December upon which to conclude that the white male who had questioned her had been hired for the position. (Pl.'s Br. at 6.) Rather, she claims that she merely had "subjective feeling[s]" that such was the case. (*Id*. at 13-14.) Indeed, she contends it was possible that in late November or early December she could have concluded: 1) the white male was not a Realty Specialist; 2) he had been hired at a lower grade level than the position for which she applied; or 3) he was a temporary placement. Finally, LaFavors claims she never received an answer to her inquiries about the position and nowhere in her brief does she indicate when she claims to have actually discovered the white male had been hired for the

---

[8] From November 30 through February 18 is eighty days.

[6] From December 4 through February 18 is seventy-six days

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

position.

The Court rejects LaFavors' argument because it is unsupported by competent evidence and it contradicts the undisputed information contained in the documents she authored and/or signed during the time of the events in question. These documents establish that she "knew or should have known" no later than December 4 that a white male had been awarded the position. As such, her contact with an EEO counselor 76 days later was untimely.

### III. CONCLUSION

For the reasons set forth above, the Court finds that no genuine issues of material fact exist with respect to whether LaFavors contacted an EEO counselor in a timely manner. Accordingly, by separate order, the VA's motion will be granted.

SO ORDERED.
February 29, 2012

                                                          _____
                                                          Robert L. Wilkins
                                                          United States District Judge